IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01228-BNB

DAWANE MALLET, Master and Commander of Moorish Vessel, Sui Juris, Non-Public Citizen of United States,

     Applicant,

v.

BLAKE R. DAVIS, Warden, US Public Agent,

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Dawane Mallett, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary Administrative Maximum in Florence, Colorado. Mr. Mallett initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis*.

On June 22, 2010, Magistrate Judge Craig B. Shaffer determined that the Application was deficient because Mr. Mallett was attempting to assert claims challenging the conditions of his confinement, properly brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in addition to claims challenging the execution of his conviction and sentence, properly brought pursuant to 28 U.S.C. § 2241. Therefore, Magistrate Judge Shaffer ordered Mr. Mallett to file an Amended Application that only asserted claims challenging the execution of his sentence.

On July 8, 2010, Mr. Mallett filed a pleading titled "Affidavits and Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Peace and Friendship Treaty 1787 through 1987" (hereinafter, "Amended Application"). The Court must construe the Amended Application liberally because Mr. Mallett is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Application and the action will be dismissed.

In the Amended Application, which is confusing and largely unintelligible, Mr. Mallett asserts three claims. First, he asserts that Respondent Warden Blake R. Davis is "enforcing and executing judgment and imprisonment order's [sic] that have been 'dishonord' [sic] in accord to (Uniform Commercial Code 28-3-503)." Application at 3. Second, he asserts that Respondent is "illegally detaining a "Moorish American vessel' in violation of treaty." *Id.* Finally, he asserts that Respondent is "illegally detaining a 'Private American,'" because Mr. Mallett "was born a free man and free from all debt and since have not accumulated any debt, the birth certificate of Dawane Mallett shall verify that he is the sole owner of Dawane Mallett . . . ." *Id.* at 4. As relief, Mr. Mallett requests that his conviction be reversed and that he be immediately released. *Id.* at 5.

To the extent that Mr. Mallett attempts to challenge his conviction or sentence in this action, he has been previously informed that the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. In *Mallett v. Davis*, 09-cv-03012-ZLW (D.

2

Colo., closed Feb. 8, 2010), Mr. Mallett similarly filed a Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. In that action, he was informed that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). Moreover, a habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

Mr. Mallett has again failed to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective to address his claims challenging the validity of his conviction or sentence. Accordingly, Mr. Mallett may not challenge his conviction or sentence in this Court pursuant to § 2241.

3

Further, to the extent that Mr. Mallett is not challenging his conviction or sentence, but is actually asserting claims that challenge the execution of his sentence pursuant to § 2241, the Court finds that his claims are nonetheless frivolous and must be dismissed. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief. *See* Rule 4. Rule 4 has also been found to permit *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or factual allegations that are palpably incredible or false. *See, e.g., Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of a constitutional error"); *see also Montero v. Bush*, 107 Fed. Appx. 180, 181 (10th Cir. Aug. 11, 2004) (unpublished opinion) (dismissing a petition brought pursuant to § 2241 as "fantastic[,] delusional and factually frivolous."). The Court finds that Mr. Mallett's allegations regarding his legal status as a "Moorish American vessel" or as "the sole owner of Dawane Mallett," are factually frivolous because they are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, it is

4

ORDERED that the amended application and the action are dismissed as legally frivolous.

DATED at Denver, Colorado, this __5th__ day of __August__, 2010.

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01228-BNB

Dawane Arthur Mallett
Reg No. 13944-097
ADX - Florence
P.O. Box 8500
Florence, CO 81226-8500

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/5/10

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk